PAEZ, Circuit Judge,
concurring:
The en banc majority did not address the Suspension Clause argument Martinez-Merino now raises in Morales-Izquierdo v. Gonzales, 486 F.3d 484 (9th Cir.2007) (en banc), but in light of the holding that “[r]einstatement of a prior removal order — regardless of the process affording in the underlying order — does not offend due process,” id. at 497, I am obliged here to concur that MartinezAMer-ino cannot challenge the validity of his underlying removal proceedings in a petition for review of the reinstatement order. *1072 I write separately to note the Fifth Circuit’s recent conclusion in Ramirez-Molina v. Ziglar, 436 F.3d 508 (5th Cir.2006), that section 106(a)(1)(A)(iii) of the Real ID Act, Pub.L. No. 109-13, 119 Stat. 231, 310 (May 11, 2005), codified at 8 U.S.C. § 1252(a)(2)(D), cured any potential Suspension Clause concerns implicated by § 1231(a)(5)’s foreclosure of judicial review of an underlying removal order. See id. at 513-14 (construing § 1252(a)(2)(D) as “prevent[ing the] operation [of § 1231(a)(5)] in cases ... in which the validity of an underlying order is questioned on constitutional or legal grounds”). Here, were it not for Morales-Izquierdo, I would similarly hold that in providing for judicial review of constitutional and legal claims notwithstanding “any other provision of this chapter ... which limits or eliminates judicial review,” § 1252(a)(2)(D) establishes jurisdiction over Martinez-Merino’s due process challenge to his underlying removal proceedings.